UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MILAN MICHAEL KOTEVSKI                      CIVIL ACTION

VERSUS                                       NO. 24-310-BAJ-RLB

HILLARY RODHAM CLINTON, ET AL.

**ORDER**

Before the Court are Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Order (R. Doc. 6) and Plaintiff's two Rule 15(d) Motions (R. Docs. 7, 8).

On April 15, 2024, Milan Michael Kotevski ("Plaintiff") commenced this action without paying the applicable filing fee or filing a motion to proceed in forma pauperis ("IFP"). (R. Doc. 1). The 137-page Complaint alleges a conspiracy involving hundreds of defendants including former and current U.S. government departments and officials, foreign governments and officials, and private individuals and entities. (R. Doc. 1). Among other things, Plaintiff seeks to recover $7 billion and several commercial airliners. (R. Doc. 1 at 95).

On April 17, 2024, Plaintiff was ordered to pay the filing fee in the amount of $405.00 or file motion to proceed IFP within 21 days of the Order, and was informed that failure to do so "may result in the dismissal" of Plaintiff's claims without further notice. (R. Doc. 2).

Plaintiff then moved, under Rule 60(b)(1), to vacate and clarify the April 17, 2024 Order. (R. Doc. 6). Among other things, Plaintiff states the following:

> PLAINTIFF vehemently objects to the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) as it presupposes a fact based on the text of certain questions that is not established or known to PLAINTIFF—that PLAINTIFF has a spouse. PLAINTIFF reiterates to the Court PLAINTIFF is more than $300,000 in debt, does not have a bank account that PLAINTIFF has control over, and PLAINTIFF does not have money to continue prolonged litigation.

> If PLAINTIFF is married, PLAINTTIFF is **f\*\*\*ing pissed** because it is based on fraud, war crimes, RICO violations, and completely against PLAINTIFF'S religious beliefs.

(R. Doc. 6 at 3). The remainder of the filing raises various conspiracy theories.[1] Plaintiff also seeks an order that will "nullify and void any of PLAINTIFF'S marriages if PLAINTIFF is married." (R. Doc. 6 at 13).

Rule 60(b)(1) provides that the "court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The April 17, 2024 Order merely required Plaintiff to pay the filing fee or submit a motion to proceed in forma pauperis. The Court finds no basis to vacate or clarify that Order. The Court will, however, provide Plaintiff another opportunity to comply with the requirements of the April 17, 2024 Order.

Plaintiff also seeks relief under Rule 15(d) to supplement his pleadings with additional allegations. (R. Docs. 7, 9) In his first Rule 15(d) motion, Plaintiff appears to seek to proceed with a qui tam action because the U.S. Department of Justice "refused to cooperate" with Plaintiff "in prosecuting actors that committed war crimes" against him. (R. Doc. 7 at 2). In his second Rule 15(d) motion, Plaintiff seeks to have this action proceed under seal because he "is bewildered because he fundamentally understands that he has been tampered with by so many different agencies and militaries in secret and without specific identification," and that he "is a

---

[1] Plaintiff's Rule 60(b)(1) motion also references what Plaintiff calls the "*Chicago Cases*," which involve another civil action filed by Plaintiff in the U.S. District Court for the Northern District of Illinois, as well as an appeal to the Seventh Circuit. *See Kotevski v. Clinton, et al.*, No. 23-cv-17137, ECF No. 1 (N.D. Ill. Dec. 27, 2023). In that action, the district judge dismissed the case because Plaintiff failed to pay the filing fee or submit a renewed motion to proceed IFP as ordered. *See Kotevski v. Clinton, et al.*, No. 23-cv-17137, ECF No. 40, 41 (N.D. Ill. Jan. 26, 2024). The district judge denied relief under Rule 60(b). *Id*. at ECF No. 44 (N.D. Ill. Jan. 30, 2024) ("Plaintiff acknowledges that he did not comply with the Court's fee order but says this was 'because it was a fraudulent decision.' [Id. ¶ 27.] He is welcome to make that argument on appeal, but the Court declines to revisit its order. It also does not address any of Plaintiff's other arguments because the dismissal was only because of Plaintiff's failure to pay the filing fee."). Plaintiff has appealed that decision. *See Kotevski v. Jenkins*, No. 24-1085 (7th Cir.).

pawn in the powers that be chess game" and he "wishes to fly away off the chess board." (R. Doc. 8 at 1-2).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The foregoing filings provide no indication that the proposed additional allegations occurred after the events in the original pleading. Moreover, as discussed above, Plaintiff has not paid the filing fee or filed a motion to proceed IFP. Accordingly, the Court will not grant any relief under Rule 15 at this time.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Order (R. Doc. 6) and Plaintiff's two Rule 15(d) Motions (R. Docs. 7, 8) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee in the amount of $405.00 or file a motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), within **14 days** of the date of this Order. The Court will not again extend this deadline even if Plaintiff seeks to vacate or modify the instant Order.

**Failure to comply with this Order will result in a recommendation of dismissal of this action without further notice.**

Signed in Baton Rouge, Louisiana, on May 14, 2024.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**