UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MILAN MICHAEL KOTEVSKI                                    CIVIL ACTION

VERSUS

HILLARY RODHAM CLINTON, ET AL.                            NO. 24-00310-BAJ-RLB

## RULING AND ORDER

In this difficult-to-decipher *pro se* action, Plaintiff seeks damages from Defendants ranging from Former Secretary of State Hillary Rodham Clinton to George Soros, and alleges numerous claims in his 137-page complaint. (Doc. 1). Now, Plaintiff moves for a temporary restraining order (TRO). (Doc. 22).

Federal Rule of Civil Procedure ("Rule") 65(b)(1) provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Plaintiff has failed to comply with either requirement of Rule 65(b)(1). Plaintiff seeks a TRO based on new facts not set forth in his original Complaint, yet does not include any verification attesting to these new facts. Additionally, Plaintiff's motion does not include a certificate stating his efforts, if any, to provide notice to Defendants' counsel, or explain the reasons why such notice should not be required.

Moreover, no Defendant has been served in this action, which has been pending for nearly two months. Plaintiff's failure to comply with Rule 65(b)(1)'s verification and notice requirements, standing alone, is a sufficient basis to deny his request for a TRO. *See Stevenson v. Benjamin*, No. 19-cv-637 (M.D. La. February 17, 2021) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Even if the relief Plaintiff seeks were of the type the Court could provide, which it definitively is not,[1] Plaintiff has not made a showing in support of a TRO. A party seeking a TRO must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). Plaintiff does not attempt to satisfy these elements.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order

---

[1] Among numerous requests, Plaintiff asks that Defendants immediately purchase several islands belonging to the Republic of Fiji. (Doc. 22 at 8). Another example of the relief Plaintiff seeks: "$10,000," "Adderall," and "a shot of Ozempic." (*Id.* at 7).

(Doc. 22) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 12th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3