## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MILAN MICHAEL KOTEVSKI**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　**NO. 24-310-BAJ-RLB**

**HILLARY RODHAM CLINTON, ET AL.**

### ORDER

Before the Court is Plaintiff's Rule 60(b)(1) Motion to Vacate & Clarify Judge Bourgeois' Order Made on May 24, 2024 ("Motion to Vacate") (R. Doc. 20).

Also before the Court is Plaintiff's 28 U.S.C. § 351 Motion to Recuse and Disqualify Judge Bourgeois ("Motion to Disqualify") (R. Doc. 21).

**I.    Background**

On April 15, 2024, Milan Michael Kotevski ("Plaintiff") commenced this action without paying the applicable filing fee or filing a motion to proceed in forma pauperis ("IFP"). (R. Doc. 1). The 137-page Complaint alleges a conspiracy involving hundreds of defendants including former and current U.S. government departments and officials (*e.g.*, Hillary Rodham Clinton, George W. Bush, Robert Muller III, and Susan Rice), foreign governments and officials (*e.g.*, Prime Minister Narendra Modi of India, The Commonwealth of Australia, and The People's Republic of China), and private individuals and entities (*e.g.*, Hunter Biden, Netflix, Inc., and Boeing, Inc.). (R. Doc. 1). Among other things, Plaintiff seeks to recover $7 billion, several commercial airliners, and ownership interest in various airports and private companies. (*See* R. Doc. 1 at 95-136).

On April 17, 2024, Plaintiff was ordered to pay the filing fee in the amount of $405.00 or file motion to proceed IFP within 21 days of the Order, and was informed that failure to do so

"may result in the dismissal" of Plaintiff's claims without further notice. (R. Doc. 2). Plaintiff then moved, under Rule 60(b)(1), to vacate and clarify the April 17, 2024 Order. (R. Doc. 6). Plaintiff also sought relief under Rule 15(d) to supplement his pleadings with additional allegations. (R. Docs. 7, 9).

On May 14, 2024, the Court denied the foregoing motions. (R. Doc. 10). The Court found no basis to vacate or clarify the April 17, 2024 Order requiring Plaintiff to pay the filing fee or submit a motion to proceed in forma pauperis. Furthermore, the Court denied Plaintiff the opportunity to supplement his pleadings under Rule 15(d) given the nature of the proposed additional allegations, the lack of any indication that the proposed additional allegations occurred after the events in the original pleading, and the lack of compliance with the April 17, 2024 Order requiring the payment of the filing fee or the filing of a motion to proceed IFP. The Court did, however, provide Plaintiff with another opportunity to comply with the April 17, 2024 Order by paying the filing fee or filing a motion to proceed IFP by May 28, 2024.

Plaintiff then filed a Motion for Reconsideration under Rule 60(b)(1) of the Court's denial of leave to supplement the pleading under Rule 15(d). (R. Doc. 13). In addition, Plaintiff filed a motion to proceed IFP by submitting an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (R. Doc. 14).

On May 24, 2024, the Court denied both of the foregoing motions. (R. Doc. 15). First, the Court found no basis to vacate or clarify the previous denial of relief under Rule 15(d) under Rule 60(b)(1) because Plaintiff's filings provided no indication that the proposed additional allegations occurred after the events in the original pleading and Plaintiff had not paid the filing fee or filed a motion to proceed IFP at the time he sought relief under Rule 15(d). The Court found that the motion expounded Plaintiff's conspiracy theories further, including stating that his

2

family members are serving as agents for Russian or Chinese intelligence agencies and providing screenshots of electronic devices with connectively or software issues as purported evidence of government tampering, but provided no new information meriting a reconsideration of the previous Order.[1]

With respect to Plaintiff's Motion to Proceed IFP (R. Doc. 14), the Court informed Plaintiff that the submitted AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) was insufficient in light of the governing law:

> "The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In signing Form AO 239, Plaintiff declares "under penalty of perjury that the information" submitted in the form is "true and understand[s] that a false statement may result in a dismissal of [his] claims." (R. Doc. 14 at 1). Indeed, a plaintiff's false allegation of poverty for the purposes of proceeding IFP subjects an action to dismissal. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that—the allegation of poverty is untrue."); *Castillo v. Blanco*, 330 F. App'x 463, 467 (5th Cir. 2009) ("[W]e hold that the district court correctly found that the allegations of poverty in Castillo's § 1915 affidavits were untrue, and properly dismissed the case."); *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604-05 (7th Cir. 2014) (affirming lower court's dismissal with prejudice and stating "[p]roceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay. Abusing this privilege warrants dismissal with prejudice as a sanction for lying . . .").

(R. Doc. 15 at 3-4). The Court specifically explained how and why Plaintiff did not submit sufficient information given the foregoing requirements:

> Here, Plaintiff does not identify any sources of income other than $100 in monthly gifts from an undisclosed source. (R. Doc. 14 at 1). Plaintiff states that he was last employed in Waukegan, Illinois in November of 2022 with a gross monthly income of $2,583.00. (R. Doc. 14 at 2). Plaintiff states that he currently

---

[1] In his first Rule 15(d) motion, Plaintiff sought to proceed with a qui tam action because the U.S. Department of Justice "refused to cooperate" with Plaintiff "in prosecuting actors that committed war crimes" against him. (R. Doc. 7 at 2). In his second Rule 15(d) motion, Plaintiff sought to have this action proceed under seal because he "is bewildered because he fundamentally understands that he has been tampered with by so many different agencies and militaries in secret and without specific identification," and that he "is a pawn in the powers that be chess game" and he "wishes to fly away off the chess board." (R. Doc. 8 at 1-2).

3

> has "$0.00" cash, noting that he "was coerced to have certain bank accounts in his name by Plaintiff's parents that he does not have control over." (R. Doc. 14 at 2). Plaintiff does not identify the foregoing bank accounts or their balances. Plaintiff also does not list any assets. (R. Doc. 14 at 3). Plaintiff does indicate that he is owed certain money and property. He claims that a combination of the "U.S. Government; Russia; [and] India" owe him $7,000,000,000. In addition, Boeing owes him 8 different new aircraft. Finally, Gazprom owes him 100,000,000 barrels of oil.
>
> Plaintiff asserts that he incurs $450 in monthly expenses, consisting of $150 for food, $200 for medical and dental expenses, and $100 for transportation (with no housing or clothing costs identified). (R. Doc. 14 at 4-5). Plaintiff attaches an Addendum to the Form AO 239, which identifies various additional conspiracy theories with no additional relevant information regarding his finances other than the statement that he cannot pay the court fees. (*See* R. Doc. 14 at 6-10).
>
> The Court finds the information provided by Plaintiff on Form AO 239 to be inconsistent and incomplete. According to Plaintiff, he has not been employed since November of 2022 and receives only $100 in income as a monthly gift from an undisclosed source. He identifies no other source of income, including any unemployment payments, disability payments, or other forms of public-assistance payments. Plaintiff identifies certain "bank accounts" in his name but does not disclose the amount in those accounts. Plaintiff does not explain how he pays for $450 in monthly expenses (not including housing or clothing) with only $100 in monthly income. While the form asks Plaintiff to provide "any other information that will help explain why [Plaintiff] cannot pay the costs of these proceedings," Plaintiff only responds by calling the court "corrupt" and stating that he does not know whether he is married. (R. Doc. 14 at 5).
>
> Given the lack of complete information on the provided Form AO 239, the Court will deny the motion to proceed IFP without prejudice to Plaintiff filing a renewed motion to proceed IFP by submitting "a complete, truthful picture of his finances" or face dismissal of this action as a sanction. *See Kotevski v. Clinton*, No. 23-17137, ECF No. 16 at 3-4 (N.D. Ill. Jan. 9, 2024).

(R. Doc. 15 at 4-5). The Court specifically informed Plaintiff that he shall pay the filing fee in the amount of $405.00 or file a renewed motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), on or before June 7, 2024 or face a recommendation of dismissal of this action without further notice. (R. Doc. 15 at 5).

4

Plaintiff did not comply with the May 24, 2024 Order. Instead, Plaintiff filed four letters (R. Docs. 17, 18, 19, 25)[2] and the following motions: Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Judge Bourgeois' May 24, 2024 Order (R. Doc. 20); Plaintiff's 28 U.S.C. § 351 Motion to Recuse and Disqualify Judge Bourgeois (R. Doc. 21); Plaintiff's Emergency Motion and Temporary Restraining Order under Rule 65 (R. Doc. 22);[3] and Plaintiff's Settlement Offer and Plaintiff's Motion for Default under Rule 55(a) (R. Doc. 23);[4] Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Judge Jackson's June 12, 2024 Order (R. Doc. 26);[5] and Plaintiff's Rule 65(a) Motion for Permanent Injunction (R. Doc. 27).[6]

This Order addresses Plaintiff's Motion to Vacate (R. Doc. 20) and Plaintiff's Motion to Recuse and Disqualify Judge Bourgeois (R. Doc. 21), which have been referred to the undersigned to resolve. Because these motions contain mostly identical language, the undersigned will consider them together.

**II.    Law and Analysis**

**A.    Plaintiff's Motion to Vacate (R. Doc. 20)**

Plaintiff's Motion to Vacate, which is largely incoherent and replete with delusional conspiracy theories, accuses the undersigned of "ongoing acts of mail fraud, wire fraud, and RICO violations" and conspiracy with the "DOJ, FBI, CIA, and/or other DEFENDANTS." (R. Doc. 20 at 1-2). With respect to IFP status, Plaintiff argues that the undersigned is in a better position to determine whether Plaintiff is married, suggesting that if such a marriage occurred it was a "sham marriage" because he "has not received a single dime, hug, or ounce of respect

---

[2] These letters are unrelated to the $405 filing fee or pauper status.
[3] The district judge denied this motion. (R. Doc. 24).
[4] This motion remains pending before the district judge.
[5] This motion remains pending before the district judge.
[6] This motion remains pending before the district judge.

5

from his wife since 2015 in which [Plaintiff] has not received any meaningful communication—this is expected from a married couple—from his wife in over 8 years." (R. Doc. 20 at 2). Plaintiff also faults the undersigned for referencing Plaintiff's civil action brought in the Northern District of Illinois, *Kotevski v. Clinton*, No. 23-17137 (N.D. Ill. Jan. 9, 2024), which Plaintiff states was "corruptly decided." (R. Doc. 20 at 7)

Rule 60(b)(1) provides that the "court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff has not set forth any basis under Rule 60(b)(1) for vacating or modifying the undersigned's May 24, 2024 Order, which itself addressed another frivolous motion brought pursuant to Rule 60(b)(1). (*See* R. Doc. 15). The instant Motion to Vacate merely sets forth personal attacks on the undersigned and alleges various additional conspiracy theories. Plaintiff sets forth no basis for vacating the undersigned's May 24, 2024 Order, including the requirement that Plaintiff pay the filing fee in the amount of $405.00 or file a renewed motion to proceed in forma pauperis.

The undersigned will address Plaintiff's failure to comply with the May 24, 2024 Order in a separate recommendation to the district judge that this action be dismissed.

B.     **Plaintiff's Motion to Disqualify (R. Doc. 21)**

Plaintiff also seeks an order pursuant to 28 U.S.C. § 351 resulting in the recusal or disqualification of the undersigned. This language of this motion is largely identical to the previous Motion to Vacate. (*Compare* R. Doc. 20 *with* R. Doc. 21). Plaintiff does add a new Paragraph 46 stating, for whatever reason, that he "was not predisposed to sexually trafficking children for blackmail and was not predisposed to being a terrorist or pedophile." (*See* R. Doc.

6

21 at 25). Plaintiff also appears to have removed Paragraph 35(k) from this filing, which stated the following in his Motion to Vacate:

> If Judge BOURGEOIS is insistent on acting corruptly in violation of the law and his duty to the bench in creating extremely prejudicial statement to PLAINTIFF and this being a country of equal treatment under the law and free speech in which someone needs to remind a corrupt judge their duties on the bench, then AUTISTIC PLAINTIFF is wondering is that brown shit on Judge BOURGEOIS' nose from kissing DEFENDANTS' asses or is he that full of shit because there is no way Judge BOURGEOIS has been a fair, impartial, and uncorrupt judge that is not kissing DEFENDANTS' asses and perpetuating a RICO Enterprise against PLAINTIFF.

(R. Doc. 20 at 21). It is unclear why this sub-paragraph made it into the Motion to Vacate but not the instant Motion to Disqualify. At any rate, other than referencing 28 U.S.C. § 351 once in Paragraph 36 of the Motion ("Judge BOURGEOIS disgraceful behavior made, PLAINTIFF file[s] a 28 U.S. Code §351 motion."), Plaintiff does not address the substance of that statute. (*See* R. Doc. 21 at 21).

The Judicial Conduct and Disability Act of 1980 is codified at 28 U.S.C. §§ 351-364. In pertinent part, the Judicial Conduct and Disability Act provides that "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, *may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct*." *See* 28 U.S.C. § 351(a) (emphasis added). Accordingly, Plaintiff's motion is subject to dismissal because, in addition to lacking any merit, the motion was not filed in the proper forum for seeking relief pursuant to the Judicial Conduct and Disability Act. *See Killingsworth v. Bringedahl*, No. 21-337, 2023 WL 2486552, at *3 (M.D. La. Feb. 24, 2023).

The Court further notes that recusal based on the allegations set forth in Plaintiff's motion is also inappropriate. The applicable federal statute (which Plaintiff does not reference in his motion) states the following:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

28 U.S.C. § 455(a)-(b)(1). When considering a claim under Section 455(a), the court considers "whether a reasonable and objective person, knowing all of the facts, would *harbor doubts* concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quoting *In re Chevron U.S.A., Inc.,* 121 F.3d 163, 165 (5th Cir.1997)). "This is because the goal of this provision is to 'avoid even the appearance of partiality.'" *Patterson*, 335 F.3d at 484 (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860).

Here, an objective reading of Plaintiff's motions, his pleadings, his extra-pleading letters, and the undersigned's rulings and orders, would not lead any "reasonable and objective person" to conclude that the undersigned is impartial or demonstrates even an appearance of partiality.

The undersigned will address the fanciful, fantastic, and delusional nature of Plaintiff's frivolous claims in a separate recommendation to the district judge that this action be dismissed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Rule 60(b)(2) Motion to Vacate & Clarify Judge Bourgeois' Order Made on May 24, 2024 (R. Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's 28 U.S.C. § 351 Motion to Recuse and Disqualify Judge Bourgeois (R. Doc. 21) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 15, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**