**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MILAN MICHAEL KOTEVSKI**                                   **CIVIL ACTION**

**VERSUS**                                                                       **NO. 24-310-BAJ-RLB**

**HILLARY RODHAM CLINTON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 15, 2024.

                                                                            _____
                                                                            **RICHARD L. BOURGEOIS, JR.**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MILAN MICHAEL KOTEVSKI                              CIVIL ACTION

VERSUS                                              NO. 24-310-BAJ-RLB

HILLARY RODHAM CLINTON, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Court's May 24, 2024 Order requiring Plaintiff to pay the filing fee in the amount of $405.00 or file a renewed motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), on or before June 7, 2024. (R. Doc. 15). The Order specifically informed Plaintiff that failure to comply with the Order would result in a recommendation of dismissal of this action without further notice. (R. Doc. 15 at 5).

Having considered the record, the Court recommends the dismissal of this action for failure to comply with the May 24, 2024 Order. In addition, the Court recommends dismissal of this action, with prejudice, given that Plaintiff's Complaint fails to state a claim and is otherwise frivolous.

**I.      Background**

On April 15, 2024, Milan Michael Kotevski ("Plaintiff") commenced this action without paying the applicable filing fee or filing a motion to proceed in forma pauperis ("IFP"). (R. Doc. 1). The 137-page Complaint alleges a conspiracy involving hundreds of defendants including former and current U.S. government departments and officials (*e.g.*, Hillary Rodham Clinton, George W. Bush, Robert Muller III, and Susan Rice), foreign governments and officials (*e.g.*, Prime Minister Narendra Modi of India, The Commonwealth of Australia, and The People's

1

Republic of China), and private individuals and entities (*e.g.*, Hunter Biden, Netflix, Inc., and Boeing, Inc.). (R. Doc. 1). Among other things, Plaintiff seeks to recover $7 billion, several commercial airliners, and ownership interest in various airports and private companies. (*See* R. Doc. 1 at 95-136).

On April 17, 2024, Plaintiff was ordered to pay the filing fee in the amount of $405.00 or file motion to proceed IFP within 21 days of the Order, and was informed that failure to do so "may result in the dismissal" of Plaintiff's claims without further notice. (R. Doc. 2). Plaintiff then moved, under Rule 60(b)(1), to vacate and clarify the April 17, 2024 Order. (R. Doc. 6). Plaintiff also sought relief under Rule 15(d) to supplement his pleadings with additional allegations. (R. Docs. 7, 9).

On May 14, 2024, the Court denied the foregoing motions. (R. Doc. 10). The Court found no basis to vacate or clarify the April 17, 2024 Order requiring Plaintiff to pay the filing fee or submit a motion to proceed in forma pauperis. Furthermore, the Court denied Plaintiff the opportunity to supplement his pleadings under Rule 15(d) given the nature of the proposed additional allegations, the lack of any indication that the proposed additional allegations occurred after the events in the original pleading, and the lack of compliance with the April 17, 2024 Order requiring the payment of the filing fee or the filing of a motion to proceed IFP. The Court did, however, provide Plaintiff with another opportunity to comply with the April 17, 2024 Order by paying the filing fee or filing a motion to proceed IFP by May 28, 2024.

Plaintiff then filed a Motion for Reconsideration under Rule 60(b)(1) of the Court's denial of leave to supplement the pleading under Rule 15(d). (R. Doc. 13). In addition, Plaintiff filed a motion to proceed IFP by submitting an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (R. Doc. 14).

On May 24, 2024, the Court denied both of the foregoing motions. (R. Doc. 15). First, the Court found no basis to vacate or clarify the previous denial of relief under Rule 15(d) under Rule 60(b)(1) because Plaintiff's filings provided no indication that the proposed additional allegations occurred after the events in the original pleading and Plaintiff had not paid the filing fee or filed a motion to proceed IFP at the time he sought relief under Rule 15(d). The Court found that the motion expounded Plaintiff's conspiracy theories further, including stating that his family members are serving as agents for Russian or Chinese intelligence agencies and providing screenshots of electronic devices with connectively or software issues as purported evidence of government tampering, but provided no new information meriting a reconsideration of the previous Order.[1]

With respect to Plaintiff's Motion to Proceed IFP (R. Doc. 14), the Court informed Plaintiff that the submitted AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) was insufficient in light of the governing law:

> "The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In signing Form AO 239, Plaintiff declares "under penalty of perjury that the information" submitted in the form is "true and understand[s] that a false statement may result in a dismissal of [his] claims." (R. Doc. 14 at 1). Indeed, a plaintiff's false allegation of poverty for the purposes of proceeding IFP subjects an action to dismissal. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that—the allegation of poverty is untrue."); *Castillo v. Blanco*, 330 F. App'x 463, 467 (5th Cir. 2009) ("[W]e hold that the district court correctly found that the allegations of poverty in Castillo's § 1915 affidavits were untrue, and properly dismissed the case."); *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604-05 (7th Cir. 2014) (affirming lower court's dismissal with prejudice and stating "[p]roceeding in forma pauperis

---

[1] In his first Rule 15(d) motion, Plaintiff sought to proceed with a qui tam action because the U.S. Department of Justice "refused to cooperate" with Plaintiff "in prosecuting actors that committed war crimes" against him. (R. Doc. 7 at 2). In his second Rule 15(d) motion, Plaintiff sought to have this action proceed under seal because he "is bewildered because he fundamentally understands that he has been tampered with by so many different agencies and militaries in secret and without specific identification," and that he "is a pawn in the powers that be chess game" and he "wishes to fly away off the chess board." (R. Doc. 8 at 1-2).

3

> is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay. Abusing this privilege warrants dismissal with prejudice as a sanction for lying . . .").

(R. Doc. 15 at 3-4). The Court specifically explained how and why Plaintiff did not submit sufficient information given the foregoing requirements:

> Here, Plaintiff does not identify any sources of income other than $100 in monthly gifts from an undisclosed source. (R. Doc. 14 at 1). Plaintiff states that he was last employed in Waukegan, Illinois in November of 2022 with a gross monthly income of $2,583.00. (R. Doc. 14 at 2). Plaintiff states that he currently has "$0.00" cash, noting that he "was coerced to have certain bank accounts in his name by Plaintiff's parents that he does not have control over." (R. Doc. 14 at 2). Plaintiff does not identify the foregoing bank accounts or their balances. Plaintiff also does not list any assets. (R. Doc. 14 at 3). Plaintiff does indicate that he is owed certain money and property. He claims that a combination of the "U.S. Government; Russia; [and] India" owe him $7,000,000,000. In addition, Boeing owes him 8 different new aircraft. Finally, Gazprom owes him 100,000,000 barrels of oil.
>
> Plaintiff asserts that he incurs $450 in monthly expenses, consisting of $150 for food, $200 for medical and dental expenses, and $100 for transportation (with no housing or clothing costs identified). (R. Doc. 14 at 4-5). Plaintiff attaches an Addendum to the Form AO 239, which identifies various additional conspiracy theories with no additional relevant information regarding his finances other than the statement that he cannot pay the court fees. (*See* R. Doc. 14 at 6-10).
>
> The Court finds the information provided by Plaintiff on Form AO 239 to be inconsistent and incomplete. According to Plaintiff, he has not been employed since November of 2022 and receives only $100 in income as a monthly gift from an undisclosed source. He identifies no other source of income, including any unemployment payments, disability payments, or other forms of public-assistance payments. Plaintiff identifies certain "bank accounts" in his name but does not disclose the amount in those accounts. Plaintiff does not explain how he pays for $450 in monthly expenses (not including housing or clothing) with only $100 in monthly income. While the form asks Plaintiff to provide "any other information that will help explain why [Plaintiff] cannot pay the costs of these proceedings," Plaintiff only responds by calling the court "corrupt" and stating that he does not know whether he is married. (R. Doc. 14 at 5).
>
> Given the lack of complete information on the provided Form AO 239, the Court will deny the motion to proceed IFP without prejudice to Plaintiff filing a renewed motion to proceed IFP by submitting "a complete, truthful picture of his finances" or face dismissal of this action as a sanction. *See Kotevski v. Clinton*, No. 23-17137, ECF No. 16 at 3-4 (N.D. Ill. Jan. 9, 2024).

4

(R. Doc. 15 at 4-5). The Court specifically informed Plaintiff that he shall pay the filing fee in the amount of $405.00 or file a renewed motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), on or before June 7, 2024 or face a recommendation of dismissal of this action without further notice. (R. Doc. 15 at 5).

Plaintiff did not comply with the May 24, 2024 Order. Instead, Plaintiff filed four letters (R. Docs. 17, 18, 19, 25)[2] and the following motions: Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Judge Bourgeois' May 24, 2024 Order (R. Doc. 20); Plaintiff's 28 U.S.C. § 351 Motion to Recuse and Disqualify Judge Bourgeois (R. Doc. 21); Plaintiff's Emergency Motion and Temporary Restraining Order under Rule 65 (R. Doc. 22);[3] and Plaintiff's Settlement Offer and Plaintiff's Motion for Default under Rule 55(a) (R. Doc. 23);[4] Plaintiff's Rule 60(b)(1) Motion to Vacate and Clarify Judge Jackson's June 12, 2024 Order (R. Doc. 26);[5] and Plaintiff's Rule 65(a) Motion for Permanent Injunction (R. Doc. 27).[6]

This Court has denied Plaintiff's Motion to Vacate (R. Doc. 20) and Plaintiff's Motion to Recuse and Disqualify Judge Bourgeois (R. Doc. 21), which both sought an order vacating the May 24, 2024 Order. (R. Doc. 28). The Court now recommends the dismissal of this action, without prejudice, for failure to comply with the May 24, 2024 Order. In addition, the Court recommends dismissal of this action, with prejudice, given that Plaintiff's claims are frivolous.

---

[2] These letters are unrelated to the $405 filing fee or pauper status.
[3] The district judge denied this motion. (R. Doc. 24).
[4] This motion remains pending before the district judge.
[5] This motion remains pending before the district judge.
[6] This motion remains pending before the district judge.

5

## II. Law and Analysis

### A. Standard for *Pro Se* Litigants

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Furthermore, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt ... from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson*, 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* Finally, "a *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

### B. Failure to Comply with the May 24, 2024 Order

The Court's May 24, 2024 Order denied Plaintiff's motion to proceed IFP without prejudice and required him to pay the filing fee in the amount of $405.00 or file a renewed

motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), on or before June 7, 2024. (R. Doc. 15). Plaintiff has not complied with this Order.

It is, therefore, appropriate for the Court to dismiss this action, without prejudice, for failure to pay the filing fee and terminate all remaining pending motions. *See Kotevski v. Clinton*, No. 23-17137, ECF No. 40 (N.D. Ill. Jan. 26, 2024); *see also Bellard v. E. Baton Rouge Sheriff's Off.*, No. 19-555, 2019 WL 5566585, at *1 (M.D. La. Oct. 11, 2019), *report and recommendation adopted*, 2019 WL 5566526 (M.D. La. Oct. 28, 2019) (dismissing without prejudice action in light of plaintiffs' failure to pay filing fee); *Williams v. Advoc.*, No. 16-483, 2016 WL 7743045, at *3 (M.D. La. Dec. 27, 2016), *report and recommendation adopted*, 2017 WL 125030 (M.D. La. Jan. 12, 2017) (same).

As discussed below, however, the Court has also conducted a frivolous review of Plaintiff's Complaint and concludes that this action should be dismissed, in its entirety, with prejudice.

    **C.**    **Frivolous Review of Plaintiff's Complaint**

        **1.**    **Legal Standards**

While the Court construes complaints filed by *pro se* plaintiffs liberally, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Payment of the filing fee does not

preclude this review. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. [28 U.S.C. § 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness."), *appeal dismissed*, No. 21-30061, 2022 WL 881753 (5th Cir. Mar. 24, 2022), *cert. denied sub nom. Doe v. City of Baton Rouge, Louisiana*, 143 S. Ct. 376 (2022).

Here, Plaintiff has neither paid the filing fee nor obtained an order to proceed *in forma pauperis*. Nevertheless, the Court finds it appropriate to conduct a review, consistent with § 1915(e), to determine whether the Complaint should be dismissed as frivolous and for failure to state a claim.

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

## 2.    Shotgun Pleading & Improper Joinder of Claims

Plaintiff's 137-page Complaint alleges a conspiracy involving hundreds of defendants including former and current U.S. government departments and officials, foreign governments and officials, and private individuals and entities. (R. Doc. 1). Among other things, Plaintiff seeks to recover $7 billion, several commercial airliners, and ownership interest in various airports and private companies. (*See* R. Doc. 1 at 95-136). Plaintiff's "voluminous submission consists of scattershot allegations of vast global conspiracies, described in stream-of-consciousness, run-on sentences." *Kotevski v. Clinton*, No. 24-cv-00622, 2024 WL 4267388, at *2 (D. Utah Sept. 23, 2024) (concluding that Plaintiff's Complaint failed to meet the pleading requirements of Rule 8). The Complaint references numerous treaties, federal and State law civil and criminal statutes, the U.S. Constitution (including the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 13th and 14th Amendments) and decisional law, but fails to set forth any "specific, intelligible factual allegations regarding how each named defendant has harmed him or violated his legal rights." *Id*.

The unintelligible nature of Plaintiff's Complaint is self-evident. For example, in Section (1)(B) of the five sections in the Complaint's "summary of the case," Plaintiff states the following:

> (1)(B): DEFENDANTS knowingly, maliciously, and willfully held Miki Kotevski (PLAINTIFF) into involuntary servitude for a minimum of $14,900,000,000 and unconstitutional political ideology, sold Miki Kotevski into involuntary servitude for $14,900,000,000 and unconstitutional political ideology, brought Miki Kotevski from overseas to be intentionally held into involuntary servitude for $14,900,000,000 and unconstitutional political ideology, kidnapped Miki Kotevski multiple times for $14,900,000,000 and unconstitutional political ideology, sexually abused Miki Kotevski in 2015 because he became a political liability because of DEFENDANTS unconstitutional political ideology and $14,900,000,000 minimum owed due to the value of his services and the resultant more than $300,000,000,000 owed to him based on RICO (PLAINTIFF doesn't want that full amount), committed acts of international and domestic terrorism

10

> against PLAINTIFF, murdered PLAINTIFF'S soul, attempted to kill Miki Kotevski in which DEFENDANTS willfully obstructed and interfered with the enforcement of the law and justice, and denied access to the Courts to prevent Miki Kotevski from redressing his claims by abusing legal and judicial process in which DEFENDANTS committed 100+ counts of RICO Racketeering and obtained more than $14,900,000,000 in profits *solely on **the condition** of holding Miki Kotevski into involuntary servitude*; Miki Kotevski has not even seen a dime of the $14,900,000,000. The core component and fundamental nature and purpose of RICO Enterprise 1 is: PLAINTIFF'S constitutional, property, legal, and liberty interests were trampled on completely and relentlessly for counterterrorism precedent by DEFENDANTS who necessarily fabricated material evidence, withheld exculpatory evidence, and perpetuated legal fraud from the beginning in establishing that legal precedent; and needing to destroy Miki Kotevski and have their counterterrorism precedent be untainted in which Miki Kotevski could never hold DEFENDANTS to account, this required DEFENDANTS to cover up the previous legal fraud and constitutional deprivations by DEFENDANTS in which PLAINTIFF'S property interests were yet again stolen and liberty yet again deprived in which DEFENDANTS necessarily had to commit more legal fraud to cover up the cover up and thus began the vicious cycle. DOJ themselves became the thing they hated and prosecuted in *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006).

(R. Doc. 1 at 5-6) (emphasis in the original). Similar rambling and nonsensical sentences are threaded through the entire 137-page Complaint.

Plaintiff's disjointed allegations under various legal theories are subject to dismissal because they amount to improper "shotgun pleading." *See O'Neal v. Universal Prot. Serv., LLC*, No. 21-00737, 2022 WL 1631970, at *5 (M.D. La. May 23, 2022) (dismissing allegations based on the basis of violations of Rules 8 and 10 in light of "shotgun pleading" where the pleading "contains irrelevant factual allegations and legal conclusions, states immaterial facts not obviously connected to any particular cause of action, copies wholesale large swaths of statutory text without specifying which provision (if any) the Defendants are accused of violating, and indiscriminately alleges nine claims against two separate Defendants without any indication whether (or how) each Defendant is liable.") (citing *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)).

11

Plaintiff's Complaint otherwise fails to state a claim upon which relief may be granted. The Federal Rules requires a Complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's Complaint fails to meet this standard. Plaintiff does not clarify in the Complaint which specific Defendants (there are hundreds listed) are subject to which sets of allegations and sources of law. The Court cannot fathom the legal or factual basis for the relief sought, which Plaintiff summarizes as follows: "Simply: GIVE AUSTISTIC PLAINTIFF LIBERTY, PLANES, TRAINS and $7 Billion USD or Death. There is no other valid option in PLAINTIFF'S mind." (R. Doc. 1 at 136). The Complaint as drafted "is a convoluted, nonsensical rambling, interspersed with sparse legal gibberish" and, therefore, "fatally defective and subject to dismissal on that basis alone." *See Truesdale v. Fla.*, No. 18-22286, 2018 WL 11302939, at *5 (S.D. Fla. June 21, 2018), *report and recommendation adopted*, 2018 WL 11302938 (S.D. Fla. Oct. 29, 2018). Plaintiff's Complaint fails to state a claim on which relief may be granted because the facts alleged are implausible and conclusory.

The Court also concludes that the Complaint is frivolous given the fantastic, fanciful and delusional nature of the allegations. It is impossible to discern any meaning from Plaintiff's Complaint. Accordingly, the Court concludes that dismissal with prejudice is appropriate because the "allegations in the Complaint are incoherent, incomprehensible, and indecipherable." *See Clervrain v. Johnson*, No. 22-244, 2022 WL 1671877, at *3 (M.D. La. May 10, 2022), *report and recommendation adopted*, 2022 WL 1672127 (M.D. La. May 25, 2022) (dismissing action as frivolous without providing leave to amend). Given that Plaintiff's claims lack any

arguable basis in fact due to the fantastic, fanciful and delusional nature of the allegations, any attempt at amendment would be futile.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's May 24, 2024 Order requiring Plaintiff to pay the filing fee in the amount of $405.00 or file a renewed motion to proceed in forma pauperis, including the submission of a completed AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), on or before June 7, 2024. (R. Doc. 15).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** given that Plaintiff's Complaint fails to state a claim and is otherwise frivolous for the reasons provided above.

Signed in Baton Rouge, Louisiana, on October 15, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**